MURDOCK, Judge,
concurring in the judgment of reversal only.
Although I agree with the majority that the juvenile court’s judgment should be reversed, I do so for a different reason. Concomitantly, while I also agree to remand the case, I disagree with the instructions given to the juvenile court on remand.
*300 The matters presented in this case, including the allegations in the maternal grandfather and maternal stepgrandmother’s petition and the averments in the mother’s September 2005 filing, raise genuine issues as to not only whether the mother and the father were unfit to have custody of their child but also whether their unfitness extended further to their ability to make a fit and proper decision as to who should have custody of their child. Accordingly, a conclusion that, as a matter of law, the child is not dependent, which the juvenile court necessarily made when it decided the case without receiving evidence, cannot be sustained on the ground cited by the juvenile court, i.e., that the parents had chosen to place the child with the paternal grandparents and therefore the child was not in need of care or supervision by the State. See Ala.Code 1975, § 12-15-1 (10)n. For that reason alone, I agree that the judgment of the juvenile court must be reversed.
I do not agree, however, with the instruction in the main opinion for the juvenile court, on remand, to take evidence on the issue of dependency. Despite the allegations in the maternal grandfather and maternal stepgrandmother’s “Petition for Legal and Physical Custody” and then-subsequent filings with the juvenile court, they obviously do not contend that they are not fit and proper custodians for the child. Indeed, they seek custody of the child. The paternal grandparents also seek custody of the child, asserting that they too are fit and proper custodians for the child. Neither set of grandparents contends that the child is in need of the care or supervision of the State, as required by § 12-15-l(10)n. in defining a “dependent child.” See also Ala.Code 1975, § 12 — 15—52(c)(1) (“The petition shall set forth with specificity ... [t]he facts constituting the dependency ... and that the child is in need of supervision, treatment, rehabilitation, care or the protection of the state, as the case may be”). Rather, both sets of grandparents contend that the child is simply in need of care or supervision by them. Thus, this controversy is in the nature of a custody dispute between two sets of prospective custodians, both of whom allege themselves to be fit and proper custodians for the child, and both of whom “concede” or allege that the parents are not fit and proper custodians. See Ex parte Terry, 494 So.2d 628 (Ala.1986).
The juvenile court is a court of limited jurisdiction. See Ala.Code 1975, § 12-15-30. As to dependency proceedings, the juvenile court is authorized to enter a dis-positional order that restricts a parent’s custodial rights only when the child is a dependent child. See Ala. Code 1975, §§ 12-15-65(d), 12 — 15—65(f), and 12-15-71(a). In particular, the last sentence of § 12 — 15—65(d) requires the juvenile court to dismiss a dependency petition when it finds that the allegations of the petition have not been established. As noted above, neither the petitions in the present case nor the other portions of the record relied on by the mother, the maternal grandfather, and the maternal stepgrand-mother appear to suggest that the child at issue is in fact in need of the State’s care or supervision or that any party desires for the State to assume or oversee the care or supervision of the child for even a limited period of time while the question of who a fit and proper custodian is is determined. Instead, this proceeding is in the nature of a custody case that does not belong before the juvenile court, which the juvenile court correctly noted during the September 2005 hearing.[7]
*301 Based on the foregoing, I would reverse the trial court’s judgment, but I would remand the case to the trial court for it to dismiss the case because, under the circumstances presented, it has no authority to enter a judgment awarding custody of the child to anyone.

. As the child’s guardian ad litem commented during the hearing, “both the [paternal grand *301 parents] and the [maternal grandfather and maternal stepgrandmother] generally care about their grandson. I think that both of them want what’s best for him. Obviously, it's a difference of opinion of where that would be. But I feel secure that he would be well loved with either household.”